[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-13626-J

_____

IN RE: STEVEN PHELPS,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____

Before: TJOFLAT, WILSON, and MARTIN, Circuit Judges.

ORDER:

Steven Phelps seeks to file a 28 U.S.C. § 2255 motion based on Johnson v.

United States, 576 U.S. ___, 135 S. Ct. 2551 (2015). Because Phelps has already

filed one § 2255 motion, he will not be allowed to file another, unless the new

motion is "certified as provided in section 2244 by a panel of the appropriate court

of appeals to contain . . . a new rule of constitutional law, made retroactive to cases

on collateral review by the Supreme Court, that was previously unavailable." 28

U.S.C. § 2255(h)(2). "The court of appeals may authorize the filing of a second

or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." Id. § 2244(b)(3)(C).

This is not the first time Phelps has tried to file a motion seeking relief based on the Supreme Court's ruling in Johnson.   He filed a similar application on March 18, 2016.   At the time, the law in our circuit was that the Johnson opinion could not benefit prisoners who had already filed one § 2255 motion.   See In re Rivero, 797 F.3d 986 (11th Cir. 2015).   We invoked Rivero to deny Phelps's application on April 12.   Indeed this court denied Phelp's pro se application even though he asked us to "stay[] his request . . . in Abeyance until the United States Supreme Court render and opinion on Untied States v. Welch's, decision rendered in which re-view was granted" [sic].   Less than a week after we denied his application, the ruling in Welch abrogated Rivero.   Our April order denying Phelps relief also said "Phelps would not benefit from Johnson" because the records from his district court sentencing showed that he "had at least three qualifying serious drug offenses."   But we told Phelps that he could still file "a new successive application after the Supreme Court decides Welch."

Phelps filed that new application on May 19.   We denied that one too, on June 9.   Our June order referred back to our April order and noted that we had

2

already "concluded that Phelps had three qualifying serious drug offenses."   We held that "Welch does not alter our determination that Phelps has at least three qualifying predicate felony convictions."   A week after we issued that June order, Phelps filed the application that is before us now.   This time, Phelps had help from a Federal Public Defender office.   The new application attached five pages that examined Phelps's presentence investigation report (PSR).   Because this same Federal Public Defender office represented Phelps before, it had access to this sealed document.   This counseled application explained that "the record does not clearly indicate that [Phelps] has prior convictions . . . that were 'committed on occasions different from one another,' as required by 18 U.S.C. § 924(e)(1)."[1]

We have examined Phelps's PSR and can confirm what his counseled application told us.   This means our first two orders in Phelps's case were mistaken, and he does not appear to have three convictions that, after Johnson, qualify him for the ACCA sentence he is now serving.   Phelps's sentence hearing was not transcribed, so the record before us does not reveal what facts his

---

[1] The attachment further explained:
Mr. Phelps was convicted of "Sale/Delivery of Cocaine" and "Possession of Cocaine" in Sarasota County, Florida case numbers 97CF14178 and 97C14179. Other than one digit of the case numbers, the information in the PSR is identical for both cases.   Mr. Phelps was arrested on the same day in both cases; he pled nolo contender on the same day in both cases; and he was sentenced to 51.2 months' imprisonment on the same day in both cases.   And most significantly, the only description of the offense(s) simply states: "Court records reflect that on August 8, 1997, the defendant possessed and sold or delivered cocaine."

3

sentencing judge found, nor what prior convictions the judge relied on. Our review of the other convictions listed in Phelps's PSR does show, however, that the only prior convictions he had that could support an ACCA sentence are Florida convictions for: (1) a 1994 burglary conviction ; (2) three drug convictions from 1999 (again, these count as only two ACCA predicates); and (3) a 2005 conviction for fleeing and eluding. After Johnson, Phelps's two drug offenses may be the only crimes that can still serve as an ACCA predicate. This means his ACCA sentence is unlawful without a third "violent felony" conviction.

Before Johnson invalidated one of the ACCA definitions for a "violent felony," this court had held that Florida's fleeing and eluding crime met that definition. See United States v. Petite, 703 F.3d 1290 (11th Cir. 2013); see also Sykes v. United States, 564 U.S. 1, 3, 131 S. Ct. 2267, 2270 (2011) (holding the same for an Indiana "felony vehicle flight" conviction). We leave it to the District Court to decide in the first instance whether fleeing and eluding still qualifies as a "violent felony" today. The same goes for Phelps's burglary conviction. Seven years before Phelps was sentenced, the Supreme Court held that Florida burglary convictions are also categorized as a "violent felony" under the definition invalidated by Johnson. See James v. United States, 550 U.S. 192, 212, 127 S. Ct. 1586, 1599 (2007). This Court has not decided whether Florida

4

burglary remains a "violent felony" after Johnson.    See United States v. Lockett, 810 F.3d 1262, 1265 n.1 (11th Cir. 2016).

Because no precedent dictates that Phelps has three ACCA-eligible convictions in light of Johnson, he has made "a prima facie showing" that his application contains a Johnson claim.    28 U.S.C. § 2244(b)(3)(C).    We must then turn to the law-of-the-case doctrine, which we recognize generally binds judges to their earlier holdings made in the same case.    See In re Lambrix, 776 F.3d 789, 793–94.    Since we've previously said that Phelps had three separate "serious drug felony" convictions, we must examine whether we are bound by that statement, even though we now know it to be wrong.    There are "[t]hree exceptions [] to the law of the case doctrine: where (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior appellate decision was clearly erroneous and would work manifest injustice."    Id. (quotation omitted).

The third exception no doubt applies here.    Our earlier holding was "clearly erroneous."    And leaving an illegal prison sentence in place based on that error "would work manifest injustice."    Phelps's application is therefore due to be

5

granted, despite the mistakes we made in our two earlier orders in his case.[2]   As usual, "[t]his is a limited determination on our part, and, as we have explained before, the district court is to decide the § 2255(h) issues 'fresh, or in the legal vernacular, de novo.'"   In re Moss, 703 F.3d 1301, 1303 (11th Cir. 2013) (quoting Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1358 (11th Cir. 2007).   That court owes no "deference to a court of appeals' prima facie finding that the requirements have been met."   Jordan, 485 F.3d 1357.   Also, whatever

> determination that the district court makes about whether [Phelps] has satisfied the requirements for filing a second or successive motion, and any determination it makes on the merits, if it reaches the merits, is subject to review on appeal from a final judgment or order if an appeal is filed.   Should an appeal be filed from the district court[']s determination, nothing in this order shall bind the merits panel in that appeal.

Moss, 703 F.3d at 1303.

**APPLICATION GRANTED.**

---

[2]   The mere fact that Phelps already filed one application also doesn't bar his new one. As we wrote when we denied Phelps's last application, "denials of successive applications are without prejudice."   We have confirmed this in other cases.   See, e.g., In re Griffin, No. 16-12012, 2016 WL 3002293, at *5 n.4 (11th Cir. May 25, 2016) ("[D]enials of successive applications are without prejudice.").

Also, though Phelps already filed one § 2255 motion after Johnson claiming he was innocent of his ACCA sentence, § 2255 motions are not subject to the § 2244(b) requirement that "[a] claim presented in a second or successive habeas corpus application *under section 2254* that was presented in a prior application shall be dismissed."   28 U.S.C. § 2244(b)(1) (emphasis added).   This discrepancy suggests that "[f]or successive 2255 movants, successive relief continues to be available for either previously raised or new claims, whereas state-prisoner successive petitions are limited to new claims."   Hertz & Liebman, 2 Federal Habeas Corpus Practice & Procedure § 41.7[d], at 2346 (7th ed. 2015).   In any event, the impact of Phelps's earlier filings is another question the District Court will need to decide in the first instance.

WILSON, Circuit Judge, concurring:

I concur in the result.

8